**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RODOLFO MENDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 1:19-cv-00207 |
| ) | Honorable Matthew F. Kennelly |
| WELLS FARGO BANK, N.A., d/b/a ) | |
| WELLS FARGO DEALER SERVICES, ) | |
| LOCATION SERVICES, LLC, ) | |
| f/k/a/ PRA LOCATION SERVICES ) | |
| (erroneously sued as LOCATION ) | |
| SERVICES HOLDINGS, LLC and ) | |
| JOHN DOE REPOSESSION AGENCY, ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO COMPLAINT**

NOW comes the Defendant, LOCATION SERVICES, LLC f/k/a PRA LOCATION SERVICES (erroneously sued as LOCATION SERVICES HOLDINGS, LLC), (Location Services), by its attorneys, QUINTAIROS, PRIETO, WOOD & BOYER, P.A., and for its Answer to Plaintiff's Complaint, states as follows:

**NATURE OF THE ACTION**

1. Plaintiff seeks relief under the Fair Debt Collection Practices Act, 15 U.S.C. §1672f)6) ("FDCPA"), for the unlawful repossession of his vehicle.

**ANSWER:** Location Services admits that Plaintiff seeks relief under the Fair Debt Collection Practices Act, 15 U.S.C. §1672f)6) ("FDCPA") for the unlawful repossession of his vehicle.

2. Plaintiff also brings this action for damages for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and for common law fraudulent misrepresentation and negligence.

**ANSWER:** Location Services admits that Plaintiff also brings this action for damages for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and for common law fraudulent misrepresentation and negligence.

**PARTIES**

3. Plaintiff is a natural person who resides at 4145 West Barry Avenue, Chicago, Illinois 60641, located within this district.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No. 3 and therefore denies the same and demands strict proof thereof.

4. Plaintiff is a "consumer," as that term is defined by §1692a(3) of the FDCPA, in that he was allegedly obligated to pay a consumer debt on an automobile loan, incurred for personal, family or household purposes.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No. 4 and therefore denies the same and demands strict proof thereof.

5. Plaintiff is a "person" as defined by Section 1(e) of ICFA.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.5 and therefore denies the same and demands strict proof thereof.

6. Plaintiff is a "person" as defined by Section 1(e) of ICFA because he contracted with Defendant to purchase goods and services.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.6 and therefore denies the same and demands strict proof thereof.

7. Wells Fargo is a national banking association that does business in Illinois, including within this district.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.7 and therefore denies the same and demands strict proof thereof.

8. In 2011, Wells Fargo was merged with and into Wells Fargo Bank under the Wells Fargo Bank charter.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.8 and therefore denies the same and demands strict proof thereof.

9. Wells Fargo is the holder of the auto loan (the "car loan") that was secured by Plaintiff's car, a 2012 Nissan Altima (the "car"). Wells Fargo also services the car loan.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.9 and therefore denies the same and demands strict proof thereof.

10. Wells Fargo hired Location Services to effectuate the repossession of Plaintiff's car.

**ANSWER:** Location Services admits Wells Fargo hired Location Services to effectuate the repossession of Plaintiff's car.

11. Location Services is a Delaware corporation with a principal office listed at 900 North Michigan Avenue, Suite 1600, Chicago, IL 60611.

**ANSWER:** Location Services admits Location Services is a Delaware corporation with a principal office listed at 900 North Michigan Avenue, Suite 1600, Chicago, IL 60611.

12. According to its website:

> Location Services is revolutionizing loss mitigation for the financial services industry. We are now the largest, national, direct provider of loss mitigation solutions – everything from loan refinancing to license plate recognition, recovery, skip location, transportation, remarketing and more. Our approach transforms loss mitigation, bringing together top names in the industry: American Recovery Specialists of Florida; CARS Recovery Inc.; MOXKOR; Repossessors, Inc. Premier Adjusters, Inc.; and Auto Approve. Uniting as one company gives you a convenient, single, direct, end-to-end solution with immediate, unrivaled access to best-in-class talent, coast-to-coast reach, cutting-edge digital technology and unparalleled compliance and accountability.
>
> https://location-services.com

**ANSWER:** Location Services admits that its website states as set forth in Paragraph No. 12.

13. Location Services handles loss mitigation services and collateral recovery – and specifically automobile repossessions – for entities like Wells Fargo on consumer accounts declared to be in default.

**ANSWER:** Location Services admits Location Services handles loss mitigation services and collateral recovery – and specifically automobile repossessions – for entities like Wells Fargo on consumer accounts declared to be in default.

14. Locations Services accepts repossession assignments within the State of Illinois for which the collateral is subject to a security agreement containing a repossession clause for the benefit of the legal owner, creditor or lien holder of the collateral.

**ANSWER:** Location Services admits Locations Services accepts repossession assignments within the State of Illinois for which the collateral is subject to a security agreement containing a repossession clause for the benefit of the legal owner, creditor or lien holder of the collateral.

15. As such, Location Services is a "repossession agency" as that term defined in 225 ILCS 422/10.

**ANSWER:** Location Services states that the allegations contained in Paragraph No. 15 are conclusions of law and therefore denies the same

16. Location Services used a repossession agent or agency (hereinafter referred to as "John Doe") that it either employed or contacted with to repossess the Plaintiff's car.

**ANSWER:** Location Services admits Location Services used a repossession agent or agency (hereinafter referred to as "John Doe") that it either employed or contacted with to repossess Plaintiff's car.

17. John Doe and/or John Doe Co. is a repossession agent or agency doing business in this district.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.17 and therefore denies the same and demands strict proof thereof.

## JURISDICTION AND VENUE

18. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arise under the FDCPA.

**ANSWER:** Location Services admits that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arise under the FDCPA.

19. Supplemental jurisdiction over Plaintiff's state law claim exists under §1367(a).

**ANSWER:** Location Services admits that supplemental jurisdiction over Plaintiff's state law claim exists under §1367(a).

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts that give rise to this action occurred, in substantial part, in this district.

**ANSWER:** Location Services admits that venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts that give rise to this action occurred, in substantial part, in this district.

21. Venue is also proper in this district since Defendants have agents and business in this district.

**ANSWER:** Location Services admits that venue is also proper in this district since Defendants have agents and business in this district.

## FACTS SUPPORTING CAUSE OF ACTION

22. On or around April 9, 2016, Plaintiff took out the car loan to fund the purchase of the car.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.22 and therefore denies the same and demands strict proof thereof.

23. Plaintiff purchased the car for personal, family, and household use.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.23 and therefore denies the same and demands strict proof thereof.

24. Plaintiff made his monthly payments on the car loan thereafter without incident until November 2017.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.24 and therefore denies the same and demands strict proof thereof.

25. On or around November 2, 2017, Wells Fargo made a servicing error on the car loan and credited two payments totaling $2,075.99 to the car loan account the Plaintiff never made.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.25 and therefore denies the same and demands strict proof thereof.

26. Plaintiff does not know why or how Wells Fargo made this error.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.26 and therefore denies the same and demands strict proof thereof.

27. On November 20, 2017, Plaintiff made his regular monthly payment of $320.00. He did not know that any amounts had been credited in his account.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.27 and therefore denies the same and demands strict proof thereof

28. In December 2017, Plaintiff called Wells Fargo to discuss options for refinancing the car loan to reduce the monthly payments. On that call, the Wells Fargo representative told Plaintiff that he did not need to make another payment on the car loan until March 2018.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.28 and therefore denies the same and demands strict proof thereof

29. Plaintiff, relying on Wells Fargo's representation, did not make a payment in December 2017.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.29 and therefore denies the same and demands strict proof thereof.

30. On or about December 15, 2017, Wells Fargo made another servicing error on the car loan and credit one payment of $34.654 to the car loan account that Plaintiff never made.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.30 and therefore denies the same and demands strict proof thereof.

31. Plaintiff does not know how or why Wells Fargo made this error.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.31 and therefore denies the same and demands strict proof thereof.

32. On or about January 20, 2018, Wells Fargo sent Plaintiff a statement for the car loan. The statement indicated that the next payment was due date was March 9, 2018.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.32 and therefore denies the same and demands strict proof thereof.

33. On or about February 13, 2918, Wells Fargo sent Plaintiff two letters explaining that Wells Fargo had erroneously credited the payments of $2,075.88 and $34.65 to his car loan account, and that such credits would be removed from the account.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.33 and therefore denies the same and demands strict proof thereof.

34. On or about February 17, 2018, Wells Fargo sent the Plaintiff a statement for the car loan. The statement indicated that the car loan was $950.97 past due, that Plaintiff had missed payments on the car loan starting in December 2017, and the Plaintiff owed $12.79 in late charges.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.34 and therefore denies the same and demands strict proof thereof.

35. After seeing the February 13 letters and the February 17 statement, Plaintiff called Wells Fargo to figure out what happened with the car loan and to try and resolve the claimed payment defaults.

7

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.35 and therefore denies the same and demands strict proof thereof.

36. On that call, a Wells Fargo representative told Plaintiff that he could resolve the default by paying $116 on the phone immediately, and then making the regular monthly payment in March 2018.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.36 and therefore denies the same and demands strict proof thereof.

37. Plaintiff agreed and paid $116.02 over the phone on that call.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.37 and therefore denies the same and demands strict proof thereof.

38. On March 19, 2018, Plaintiff made his regular monthly payment of $320.00.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.38 and therefore denies the same and demands strict proof thereof.

39. On or about April 17, 2018, Wells Fargo accelerated the car loan and repossessed the car through its agents, co-Defendants, Location Services and John Doe.

**ANSWER:** Location Services, LLC admits that on April 16, 2018, Wells Fargo repossessed the car through Location Services.

40. While the car was in Wells Fargo's possession, a moving violation was assessed against Plaintiff for a violation that happened with car. Plaintiff was forced to pay the resulting traffic fine of $73.85.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.40 and therefore denies the same and demands strict proof thereof.

41. On June 7, 2018, Wells Fargo sold the car for $5,100.00.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.41 and therefore denies the same and demands strict proof thereof.

8

42. On or about June 17, 2018, Wells Fargo sent Plaintiff a notice of the car sale, claiming the Plaintiff owed Wells Fargo $10,922.39 for the deficiency on the car loan.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.42 and therefore denies the same and demands strict proof thereof.

43. That deficiency judgment claimed by Wells Fargo includes late charges, repossession costs, and other fees or charges that Wells Fargo added to Plaintiff's car loan account after Wells Fargo's servicing error.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.43 and therefore denies the same and demands strict proof thereof.

### COUNT I – VIOLATIONS OF THE FDCPA
### AGAINST LOCATION SERVICES AND JOHN DOE DEFENDANTS

44. Location Services restates its answers to Paragraphs 1-43 as though fully set forth herein.

45. Plaintiff made his payments as directed by Wells Fargo.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.45 and therefore denies the same and demands strict proof thereof.

46. Nonetheless, and based on multiple servicing errors, Plaintiff's car was repossessed by Location Services and John Doe in the absence of any default.

**ANSWER:** Location Services admits Plaintiff's car was repossessed but denies the remaining allegations contained in Paragraph 46.

47. Location Services and John Doe were engaged in enforcement of Wells Fargo security interest in the Plaintiff's car.

**ANSWER:** Location Services admits it was engaged in the enforcement of Wells Fargo security interest.

48. The FDCPA prohibits "debt collectors' from taking or threatening to take any non-judicial action to effectuate the repossession of a vehicle at a time when there is no right to repossess the vehicle. *See* 15 U.S.C. § 1692f(6).

**ANSWER:** Location Services states Paragraph No. 48 is a conclusion of law and makes no response thereto.

49. For purposes of § 1692f(b), the FDCPA's definition of "debt collector" is expanded to include any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

**ANSWER:** Location Services states Paragraph No. 49 is a conclusion of law and makes no response thereto.

50. Specifically, § 1692f(6) prohibits:

> (6) Taking or threatening to take any non-judicial action to effect dispossession of disablement of property if –
>
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> (B) there is no present intention to take possession of the property; or
>
> (C) the property is exempt by law from such dispossession or disablement.

**ANSWER:** Location Services states Paragraph No. 49 is a conclusion of law and makes no response thereto.

51. Defendants Location Services and John Doe are subject to strict liability under § 1692f(6) of the FDCPA for their efforts to enforce Wells Fargo's security interest in Plaintiff's car through repossession because Wells Fargo had been accepting payments from Plaintiff and instructing him on what to pay, meaning there was no present right to possession in the absence of a default.

**ANSWER:** Location Services denies the allegations contained in Paragraph No. 51.

52. Upon discovery of John Doe's identity of the agency who physically conducted the repossession, Plaintiff reserves the right to amend this Count to add additional violations of § 1692f(6) based on non-compliance with the Illinois Collateral Recovery Act, 225 ILCS 422/1 *et seq.* For example, Plaintiff did not receive written notification of his inventoried personal property from inside the repossessed car, as required under 225 ILCS 4/22/110(d): "Within 5 working days following the date of repossession, the licensed repossession agency shall give written notification to the debtor of the whereabouts of personal effects or other property inventoried." And if Location Services effectuated the repossession using its own truck, it was not licensed to do so, as required under 225 ILCS 422/30: "(a) It shall be unlawful for any person or entity to repossess a vehicle or collateral in this State, attempt to repossess a vehicle or collateral in this State, or to hold himself, herself, or itself out to be a repossession agency unless licensed under this Act."

**ANSWER:** Location Services denies the allegations contained in Paragraph No. 52.

53. Plaintiff suffered actual damage as a result of Defendant's Location Services and John Doe's conduct committed a violation of the FDCPA. He was left without a car and was unable to come up with the money to redeem it post-repossession given, among other items, excessive repossession fees applied to his account by Location Services.

**ANSWER:** Location Services denies the allegations contained in Paragraph No. 53.

WHEREFORE, the Defendant, LOCATION SERVICES, LLC f/k/a PRA LOCATION SERVICES (erroneously sued as LOCATION SERVICES HOLDINGS, LLC), denies it owes judgment, actual damages, statutory damages or attorneys fees to Plaintiff in any amount whatsoever.

## COUNT II – VIOLATIONS OF THE IFCF
## AGAINST ALL DEFENDANTS

54. Location Services restates its answers to Paragraphs 1-53 as though fully set forth herein.

55. Section 2 of the ICFA prohibits unfair or deceptive practices and states, in relevant part as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, or the use of employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

**ANSWER:** Location Services states Paragraph No.55 is a conclusion of law and makes no response thereto.

56. Section 10A of ICFA establishes liability for "a violation of this Act committed by any…person…" 815 ILCS 505/10a.

**ANSWER:** Location Services states Paragraph No.55 is a conclusion of law and makes no response thereto.

57. The term "person," in turn, includes "any agent" of a "company…business entity or association." 815 ILCS 505/1(c).

**ANSWER:** Location Services states Paragraph No.55 is a conclusion of law and makes no response thereto.

58. At all relevant times, Wells Fargo was engaged in trade or commerce of holding and servicing consumer auto loans.

**ANSWER:** Location Services has insufficient knowledge to admit or deny the allegations contained in Paragraph No.58 and therefore denies the same and demands strict proof thereof.

59. At all relevant time, Location Services and John Doe were engaged in trade or commerce through the repossession of collateral for secured lenders.

**ANSWER:** Location Services admits Location Services engaged in the repossession of collateral from secured lenders.

### A. Deceptive acts and practices of Wells Fargo (Paragraphs 60-62)

Section A is not directed against Location Services and therefor Location Services makes no response thereto.

### B. Unfair acts and practices of Wells Fargo (Paragraphs No. 64-76)

Section B is not directed against Location Services and therefor Location Services makes no response thereto.

### C. Unfair acts and practices of Location Services and John Doe

77. It was unfair for Location Services and John Doe to repossess Plaintiff's car when Plaintiff was not in default.

**ANSWER:** Location Services denies the allegations contained in Paragraph No. 77.

78. It is unfair for Location Services and John Doe to repossess Plaintiff's car when there was no extenuating circumstances involved with this repossession.

**ANSWER:** Location Services denies the allegations contained in Paragraph No. 78.

79. It is unfair for Location Services and John Doe to repossess Plaintiff's car after he had complied with the terms set forth by Wells Fargo to cure the claimed defaults on the car loan.

**ANSWER:** Location Services denies the allegations contained in Paragraph No. 79.

80. Upon discovery of John Doe's identity, and the identity of the agency who physically conducted the repossession, Plaintiff reserves the right to amend this Count to add additional violations of the ICFA based on non-compliance with the Illinois Collateral Recovery Act, 225 ILCS 422/1 *et seq.* For example, Plaintiff did not receive written notification of his inventoried personal property from inside the repossessed car, as required under 225 ILCS 422/110(d): "Within 5 working days following the date

13

of repossession, the licensed repossession agency shall give written notification to the debtor of the whereabouts of personal effects or other property inventoried." And if Location Services effectuated the repossession using its own truck, it was not licensed to do so, as required under 225 ILCS 422/30: "(a) It shall be unlawful for any person to repossess a vehicle or collateral in this State, attempt to repossess a vehicle or collateral in this State, or to hold himself, herself, or itself out to be a repossession agency unless licensed under this Act."

**ANSWER:** Location Services denies the allegations contained in Paragraph No. 80.

81. These practices offend public policy, have a direct consumer nexus, affect consumers as a whole, and violate the basic rights of consumers.

**ANSWER:** Location Services denies the allegations contained in Paragraph No. 81.

82. These practices directly implicate consumer protection concerns because the conduct impacts and threatens consumers' rights as borrowers of auto loans. Any consumer.

**ANSWER:** Location Services denies the allegations contained in Paragraph No. 82.

83. Plaintiff suffered damages as a result of Location Services' and John Doe's misconduct, including but not limited to:

   i. the loss of the car;

   ii. repossession fees;

   iii. the loss of his personal effects inside the car at the time of repossession;

   iv. emotional distress resulting from the financial loss and the sudden and unexpected loss of the car he had been making payments on.

**ANSWER:** Location Services denies the allegations contained in Paragraph No. 83.

WHEREFORE, the Defendant, LOCATION SERVICES, LLC f/k/a PRA LOCATION SERVICES (erroneously sued as LOCATION SERVICES HOLDINGS, LLC), denies it owes

judgment, actual damages, statutory damages or attorneys fees to Plaintiff in any amount whatsoever.

### COUNT III – FRAUDULAUNT MISREPRESENTATION AGAINST WELLS FARGO

The allegations contained in Count III, paragraphs 84-90 are not directed against the Defendant, Location Services, and therefore, Location Services makes no response thereto.

### COUNT IV – NEGLIGENCE AGAINST WELLS FARGO

The allegations contained in Count III, paragraphs 91-96 are not directed against the Defendant, Location Services, and therefore, Location Services makes no response thereto.

Respectfully Submitted,

/s/ John P. Prusik
John P. Prusik, Attorney for Defendant, LOCATION SERVICES, LLC f/k/a PRA LOCATION SERVICES (erroneously sued as LOCATION SERVICES HOLDINGS, LLC

John P. Prusik
Quintairos Prieto Wood & Boyer, P.A.
233 S. Wacker Drive, 70th Floor
Chicago, IL 60606
312.566.0040/312.566.0041 – fax
john.prusik@qpwblaw.com