**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RODOLFO MENDEZ, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:19-cv-00207 |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK N.A., d/b/a | ) | Hon. Matthew F. Kennelly |
| WELLS FARGO DEALER SERVICES, | ) | |
| LOCATION SERVICES HOLDINGS, | ) | |
| LLC, and JOHN DOE REPOSSESSION | ) | |
| AGENCY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WELLS FARGO BANK, N.A.'S
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant Wells Fargo Auto, a division of Wells Fargo Bank, N.A., f/k/a Wells Fargo Dealer Services ("Wells Fargo"), by and through its attorneys, hereby submits its Answer and Affirmative Defenses in response to the Complaint (the "Complaint") filed by Plaintiff Rodolfo Mendez ("Plaintiff") and states as follows. Any allegations in the Complaint not expressly admitted are hereby denied.

**NATURE OF THE ACTION**

1. Plaintiff seeks relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6) ("FDCPA"), for the unlawful repossession of his vehicle.

**ANSWER:**

Wells Fargo admits that Plaintiff purports to state a claim under the Fair Debt Collection Practices Act. Wells Fargo states that no further answer is required to the allegations in this Paragraph because Plaintiff does not bring this count against Wells Fargo. To the extent that this

Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

2.     Plaintiff also brings this action for damages for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and for common law fraudulent misrepresentation and negligence.

**ANSWER:**

Wells Fargo admits that Plaintiff purports to state claims for common law fraudulent misrepresentation, negligence, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, but denies that he has done so.  Wells Fargo specifically denies any allegations of wrongdoing.

**PARTIES**

3.     Plaintiff is a natural person who resides at 4145 West Barry Avenue, Chicago, Illinois 60641, located within this district.

**ANSWER:**

Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and, on that basis, denies each and every allegation of this Paragraph.

4.     Plaintiff is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that he was allegedly obligated to pay a consumer debt on an automobile loan, incurred for personal, family or household purposes.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response.  To the extent that this Paragraph requires a response, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

5.     Plaintiff is a "person" as defined by Section 1(c) of ICFA.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

6. Plaintiff is a "consumer" as defined by Section 1(e) of ICFA because he contracted with Defendant to purchase goods and services.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

7. Wells Fargo is a national banking association that does business in Illinois, including within this district.

**ANSWER:**

Wells Fargo admits the allegations in this Paragraph.

8. In 2011, Wells Fargo Dealer Services was merged with and into Wells Fargo Bank under the Wells Fargo Bank charter.

**ANSWER:**

Wells Fargo admits the allegations in this Paragraph.

9. Wells Fargo is the holder of the auto loan (the "car loan") that was secured by Plaintiff's car, a 2012 Nissan Altima (the "car"). Wells Fargo also services the car loan.

**ANSWER:**

Wells Fargo admits the allegations in this Paragraph.

10. Wells Fargo hired Location Services to effectuate the repossession of the Plaintiff's car.

**ANSWER:**

Wells Fargo admits that it has contracted with Location Services Holdings, LLC, to perform certain tasks related to Wells Fargo's servicing of automobile loans. Wells Fargo denies that it specifically retained Locations Services Holdings, LLC for the specific purpose of effectuating the repossession of Plaintiff's car.

11. Location Services is a Delaware corporation with a principal office listed at 900 North Michigan Avenue, Suite 1600, Chicago, Illinois 60611.

**ANSWER:**

Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

12. According to its website:

Location Services is revolutionizing loss mitigation for the financial services industry. We are now the largest, national, direct provider of loss mitigation solutions — everything from loan refinancing to license plate recognition, recovery, skip location, transportation, remarketing and more. Our approach transforms loss mitigation, bringing together top names in the industry: American Recovery Specialists of Florida; CARS Recovery Inc.; MOXKOR; Repossessors, Inc.; Premier Adjusters, Inc.; and Auto Approve. Uniting as one company gives you a convenient, single, direct, end-to-end solution with immediate, unrivaled access to best-in-class talent, coast-to-coast reach, cutting-edge digital technology and unparalleled compliance and accountability. https://location-services.com/

**ANSWER:**

Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

13. Location Services handles loss mitigation services and collateral recovery — and specifically automobile repossessions — for entities like Wells Fargo on consumer accounts declared to be in default.

4

**ANSWER:**

Wells Fargo admits that it has contracted with Location Services Holdings, LLC, to perform certain tasks related to Wells Fargo's servicing of automobile loans. Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

14. Location Services accepts repossession assignments within the State of Illinois for which the collateral is subject to a security agreement containing a repossession clause for the benefit of the legal owner, creditor or lien holder of the collateral.

**ANSWER:**

Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

15. As such, Location Services is a "repossession agency" as that term is defined in 225 1LCS 422/10.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

16. Location Services used a repossession agent or agency (hereinafter referred to as "John Doe") that it either employed or contracted with to repossess the Plaintiff's car.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

17.     John Doe and/or John Doe Co. is a repossession agent or agency doing business in this district.

**ANSWER:**

Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

**JURISDICTION AND VENUE**

18.     Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FDCPA.

**ANSWER:**

Wells Fargo admits that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Wells Fargo avers that Plaintiff has not established and cannot establish Article III jurisdiction.

19.     Supplemental jurisdiction over Plaintiff's state law claims exists under 28 U.S.C. § 1367(a).

**ANSWER:**

Wells Fargo admits that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law claims. Wells Fargo avers that Plaintiff has not established and cannot establish Article III jurisdiction.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts that give rise to this action occurred, in substantial part, in this district.

**ANSWER:**

Wells Fargo admits that it does business in this district and that venue is proper. Wells Fargo denies that it engaged in acts or omissions that caused harm to Plaintiff. Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph directed toward other defendants.

21. Venue is also proper in this district since Defendants have agents and transact business in this district.

**ANSWER:**

Wells Fargo admits that it does business in this district and that venue is proper. Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph directed toward other defendants.

## FACTS SUPPORTING CAUSES OF ACTION

22. On or around April 9, 2016, Plaintiff took out the car loan to fund the purchase of the car.

**ANSWER:**

Wells Fargo admits that Plaintiff has a car loan with Wells Fargo and that the loan was originated on or about April 9, 2016, in connection with the purchase of a used automobile. Wells Fargo is otherwise without sufficient knowledge or information to form a belief as to the truth of

the allegations contained in this Paragraph, and on that basis denies the remainder of the allegations of this Paragraph.

      23.     Plaintiff purchased the car for personal, family, and household use.

**ANSWER:**

Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

      24.     Plaintiff made his monthly payments on the care loan thereafter without incident until November 2017.

**ANSWER:**

Denied.

      25.     On or around November 2, 2017, Wells Fargo made a servicing error on the car loan and credited two payments totaling $2,075.88 to the car loan account that Plaintiff never made.

**ANSWER:**

Wells Fargo admits that in or around November 2017, it credited certain payments totaling $2,075.88 to the account associated with Plaintiff's loan that neither Plaintiff, nor anyone associated with Plaintiff, had tendered. To the extent any further answer is required, Wells Fargo denies the remaining allegations of this Paragraph.

      26.     Plaintiff does not know why or how Wells Fargo made this error.

**ANSWER:**

Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

27.     On November 20, 2017, Plaintiff made his regular monthly payment of $320.00. He did not know that any amounts had been credited to his account.

**ANSWER:**

Wells Fargo admits that on or around November 18, 2017, Plaintiff tendered a payment in the amount of $320.00 to Wells Fargo.  As for the remaining allegations of this Paragraph, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

28.     In December 2017, Plaintiff called Wells Fargo to discuss options for refinancing the car loan to reduce the monthly payments. On that call, the Wells Fargo representative told Plaintiff that he did not need to make another payment on the car loan until March 2018.

**ANSWER:**

Wells Fargo admits that in or around December 2017, Plaintiff made certain telephone calls to Wells Fargo and, during those calls, Plaintiff spoke with one or more customer service representatives regarding his automobile loan serviced by Wells Fargo; however, Wells Fargo denies Plaintiff's characterizations of those discussions.  To the extent any further response is required, Wells Fargo denies the remaining allegations in this Paragraph.

29.     Plaintiff, relying on Wells Fargo's representations, did not make a payment in December 2017.

**ANSWER:**

Wells Fargo admits that Plaintiff did not make a payment on his loan in December 2017. As for the remaining allegations in this Paragraph, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies the remainder of the allegations of this Paragraph.

30.     On or about December 15, 2017, Wells Fargo made another servicing error on the car loan and credited one payment of $34.65 to the car loan account that Plaintiff never made.

**ANSWER:**

Wells Fargo admits that on or around December 15, 2017, it credited certain payments totaling $34.65 to the account associated with Plaintiff's loan that neither Plaintiff, nor anyone associated with Plaintiff, had tendered. To the extent any further answer is required, Wells Fargo denies the remaining allegations of this Paragraph.

31.     Plaintiff does not know why or how Wells Fargo made this error.

**ANSWER:**

Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

32.     On or about January 20, 2018, Wells Fargo sent Plaintiff a statement for the car loan. The statement indicated that the next payment due date was March 9, 2018.

**ANSWER:**

Wells Fargo admits that on or around January 20, 2018, it sent correspondence to Plaintiff discussing his automobile loan. The contents of that document speak for itself and Wells Fargo denies any characterizations that are contrary thereto.

33.     On or about February 13, 2018, Wells Fargo sent Plaintiff two letters explaining that Wells Fargo had erroneously credited the payments of $2,075.88 and $34.65 to his car loan account, and that such credits would be removed from the account.

**ANSWER:**

Wells Fargo admits that on or around February 13, 2018, it sent correspondence to Plaintiff

discussing his automobile loan.  The contents of that document speak for itself and Wells Fargo

denies any characterizations that are contrary thereto.

34.     On or about February 17, 2018, Wells Fargo sent Plaintiff a statement for the car loan. The statement indicated that the car loan was $950.97 past due, that Plaintiff had missed payments on the car loan starting in December 2017, and that Plaintiff owed $12.79 in late charges.

**ANSWER:**

Wells Fargo admits that on or around February 17, 2018, it sent correspondence to Plaintiff

discussing his automobile loan.  The contents of that document speak for itself and Wells Fargo

denies any characterizations that are contrary thereto.

35.     After seeing the February 13 letters and the February 17 statement, Plaintiff called Wells Fargo to figure out what happened with the car loan and to try and resolve the claimed payment defaults.

**ANSWER:**

Wells Fargo admits that on or around February 17, 2018, Plaintiff spoke with a Wells Fargo

representative by telephone regarding his automobile loan serviced by Wells Fargo; however,

Wells Fargo denies Plaintiff's characterization of that discussion.  To the extent any further

response is required, Wells Fargo denies the remaining allegations in this Paragraph.

36.     On that call a Wells Fargo representative told Plaintiff that he could resolve the default by paying $116 on the phone immediately, and then making the regular monthly payment in March 2018.

**ANSWER:**

Wells Fargo admits that on or around February 17, 2018, Plaintiff spoke with a Wells Fargo

representative by telephone regarding his automobile loan serviced by Wells Fargo; however,

Wells Fargo denies Plaintiff's characterization of that discussion. To the extent any further response is required, Wells Fargo denies the remaining allegations in this Paragraph.

37.     Plaintiff agreed and paid $116.02 over the phone on that call.

**ANSWER:**

Wells Fargo admits that on or around February 17, 2018, Plaintiff spoke with a Wells Fargo representative by telephone regarding his automobile loan serviced by Wells Fargo; however, Wells Fargo denies Plaintiff's characterization of that discussion. To the extent any further response is required, Wells Fargo denies the remaining allegations in this Paragraph.

38.     On March 19, 2018, Plaintiff made his regular monthly payment of $320.00.

**ANSWER:**

Wells Fargo admits that on or around March 19, 2018, Plaintiff tendered a payment in the amount of $320.00 to Wells Fargo. As for the remaining allegations of this Paragraph, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

39.     On or about April 17, 2018, Wells Fargo accelerated the car loan and repossessed the car through its agents, co-Defendants Location Services and John Doe.

**ANSWER:**

Wells Fargo answers that on or around March 21, 2018, Wells Fargo sent Plaintiff a Notice of Default informing Plaintiff that his loan account was, at that time, $992.45 past due, and that if this amount was not paid by April 2, 2018, Wells Fargo would "declare all unpaid sums immediately due and payable" and could "repossess the collateral[.]" Wells Fargo further answers that no payment was tendered by Plaintiff after Wells Fargo sent this Notice of Default to Plaintiff. On or around April 19, 2018, Wells Fargo caused the automobile which served as the collateral

for Plaintiff's loan to be repossessed. Wells Fargo further answers that its request to repossess Plaintiff's automobile was submitted to co-defendant Location Services. To the extent the remaining allegations are not legal conclusions to which no response is required, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis denies them.

40. While the car was in Wells Fargo's possession, a moving violation was assessed against Plaintiff for a moving violation that happened with car. Plaintiff was forced to pay the resulting traffic fine of $73.85.

**ANSWER:**

Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

41. On June 7, 2018, Wells Fargo sold the car for $5,100.00.

**ANSWER:**

Wells Fargo admits that in June 2018, the automobile which served as collateral for Plaintiff's loan was sold for approximately $5,100.

42. On or about June 17, 2018, Wells Fargo sent Plaintiff a notice of the car sale, claiming that Plaintiff owed Wells Fargo $10,922.39 for the deficiency on the car loan.

**ANSWER:**

Wells Fargo admits that on or around June 17, 2018, it sent correspondence to Plaintiff discussing his automobile loan. The contents of that document speak for itself and Wells Fargo denies any characterizations that are contrary thereto. To the extent any further response is required, Wells Fargo denies the remaining allegations in this Paragraph.

43. The deficiency judgment claimed by Wells Fargo includes late charges, repossession costs, and other fees or charges that Wells Fargo added to Plaintiff's car loan account after Wells Fargo's servicing errors.

**ANSWER:**

Wells Fargo admits that on or around January 20, 2018, it sent correspondence to Plaintiff discussing his automobile loan. The contents of that document speak for itself and Wells Fargo denies any characterizations that are contrary thereto. To the extent any further response is required, Wells Fargo denies the remaining allegations in this Paragraph.

**COUNT I —VIOLATIONS OF THE FDCPA**
**AGAINST LOCATION SERVICES AND JOHN DOE DEFENDANTS**

44. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

**ANSWER:**

Wells Fargo responds to the allegations in this Paragraph by stating that it incorporates by reference its answers to Paragraphs 1-43.

45. Plaintiff made his payments as directed by Wells Fargo.

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not bring this count against Wells Fargo. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing. Wells Fargo states that it lacks knowledge or information sufficient to form a belief about the truth of allegations in this Paragraph that are directed to other defendants.

46. Nonetheless, and based on multiple servicing errors, Plaintiff's car was repossessed by Location Services and John Doe in the absence of any default.

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not bring this count against Wells Fargo. To the extent that this Paragraph requires

a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing. Wells Fargo states that it lacks knowledge or information sufficient to form a belief about the truth of allegations in this Paragraph that are directed to other defendants.

47.     Location Services and John Doe were engaged in enforcement of Wells Fargo's security interest in the Plaintiff's car.

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not bring this count against Wells Fargo. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing. Wells Fargo states that it lacks knowledge or information sufficient to form a belief about the truth of allegations in this Paragraph that are directed to other defendants.

48.     The FDCPA prohibits "debt collectors" from taking or threatening to take any non-judicial action to effectuate the repossession of a vehicle at a time when there is no right to repossess the vehicle. *See* 15 U.S.C. § 1692f(6).

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not bring this count against Wells Fargo. Responding further, Wells Fargo states that the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing. Wells Fargo states that it lacks knowledge or information sufficient to form a belief about the truth of allegations in this Paragraph that are directed to other defendants.

49.     For purposes of § 1692f(6), the FDCPA's definition of "debt collector" is expanded to also include any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not bring this count against Wells Fargo. Responding further, Wells Fargo states that the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing. Wells Fargo states that it lacks knowledge or information sufficient to form a belief about the truth of allegations in this Paragraph that are directed to other defendants.

50.     Specifically, § 1692f(6) prohibits:

(6)     Taking or threatening to take any nonjudicial action to effect dispossession of disablement of property if —

(A)     there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(13)     there is no present intention to take possession of the property; or

(C)     the property is exempt by law from such dispossession or disablement.

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not bring this count against Wells Fargo. Responding further, Wells Fargo states that the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of

wrongdoing.  Wells Fargo states that it lacks knowledge or information sufficient to form a belief

about the truth of allegations in this Paragraph that are directed to other defendants.

51.     Defendants Location Services and John Doe are subject to strict liability under §
1692f(6) of the FDCPA for their efforts to enforce Wells Fargo's security interest in Plaintiff's car
through repossession because Wells Fargo had been accepting payments from Plaintiff and
instructing him on what to pay, meaning there was no present right to possession in the absence of
a default.

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because

Plaintiff does not bring this count against Wells Fargo.  Responding further, Wells Fargo states

that the allegations in this Paragraph contain legal conclusions to which no response is required.

To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this

Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of

wrongdoing.  Wells Fargo states that it lacks knowledge or information sufficient to form a belief

about the truth of allegations in this Paragraph that are directed to other defendants.

52.     Upon discovery of John Doe's identity, and the identity of the agency who
physically conducted the repossession, Plaintiff reserves the right to amend this Count to add
additional violations of § 16920) based on non-compliance with the Illinois Collateral Recovery
Act, 225 ILCS 422/1 *et seq.* For example, Plaintiff did not receive written notification of his
inventoried personal property from inside the repossessed car, as required under 225 ILCS
422/110(d): "Within 5 working days following the date of repossession, the licensed repossession
agency shall give written notification to the debtor of the whereabouts of personal effects or other
property inventoried." And if Location Services effectuated the repossession using its own truck,
it was not licensed to do so, as required under 225 ILCS 422/30:"(a) It shall be unlawful for any
person or entity to repossess a vehicle or collateral in this State, attempt to repossess a vehicle or
collateral in this State, or to hold himself, herself, or itself out to be a repossession agency unless
licensed under this Act."

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because

Plaintiff does not bring this count against Wells Fargo.  Responding further, Wells Fargo states

that the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing. Wells Fargo states that it lacks knowledge or information sufficient to form a belief about the truth of allegations in this Paragraph that are directed to other defendants.

53.     Plaintiff suffered actual damage as a result of Defendants Location Services and John Doe's conduct committed in violation of the FDCPA. He was left without a car and was unable to come up with the money to redeem it post-repossession given, among other items, excessive repossession fees applied to his account by Location Services.

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not bring this count against Wells Fargo. Responding further, Wells Fargo states that the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing. Wells Fargo states that it lacks knowledge or information sufficient to form a belief about the truth of allegations in this Paragraph that are directed to other defendants.

WHEREFORE, Plaintiff requests that this Honorable Court:

a.      grant judgment in Plaintiffs favor against Location Services and Wells Fargo;

b.      award Plaintiff actual damages in an amount to be determined at trial;

c.      award Plaintiff statutory damages pursuant to Section 1692k of the FDCPA;

d.      award Plaintiff reasonable attorneys' fees and costs pursuant to Section 1692k of the FDCPA; and

e.      award any other relief this Honorable Court deems equitable and just.

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not bring this count against Wells Fargo. To the extent this Paragraph requires a response, Wells Fargo denies that Plaintiff is entitled to any of the relief requested in this count from Wells Fargo and specifically denies any allegations of wrongdoing.

### COUNT II —VIOLATIONS OF THE ICFA
### AGAINST ALL DEFENDANTS

54.     Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

**ANSWER:**

Wells Fargo responds to the allegations in this Paragraph by stating that it incorporates by reference its answers to Paragraphs 1-53.

55.     Section 2 of ICFA prohibits unfair or deceptive practices and states, in relevant part, as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

56.     Section 10a of ICFA establishes liability for "a violation of this Act committed by any . . person .. . ." 815 ILCS 505/10a.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

57. The term "person," in turn, includes "any agent" of a "company . .. business entity or association." 815 ILCS $50^5/_1$(c).

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

58. At all relevant times, Wells Fargo was engaged in trade or commerce of holding and servicing consumer auto loans.

**ANSWER:**

Wells Fargo admits the allegations in this Paragraph.

59. At all relevant times, Location Services and John Doe were engaged in trade or commerce through the repossession of collateral for secured lenders.

**ANSWER:**

Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies each and every allegation of this Paragraph.

**A. Deceptive acts and practices of Wells Fargo**

60. It was deceptive for Wells Fargo to tell Plaintiff in December 2017 that his next payment on the car loan was not due until March 2018.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response.  To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

61.     It was deceptive for Wells Fargo to send a car loan statement to Plaintiff in January 2018 stating that his next payment on the car loan was not due until March 2018.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response.  To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

62.     It was deceptive for Wells Fargo to tell Plaintiff in February 2018 that he could resolve the claimed defaults on the car loan by making an immediate phone payment of $116 and making his regular monthly payment in March 2018.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response.  To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

63.     Wells Fargo intended that Plaintiff rely on Wells Fargo's deceptive statements.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response.  To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

**B.      Unfair acts and practices of Wells Fargo**

64.      It was unfair for Wells Fargo to charge late fees to Plaintiff's account, when Wells Fargo's own false statements had led to any late payment on the car loan.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response.  To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

65.      It was unfair for Wells Fargo to claim a default beginning in December 2017 when Wells Fargo had told Plaintiff in December 2017 and January 2018 that no payment was due until March 2018.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response.  To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

66.      It was unfair for Wells Fargo to adjust the erroneous credits applied to Plaintiff's account without also adjusting the payment due dates that the erroneous credits had altered.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response.  To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

67.      It was unfair for Wells Fargo to try and make Plaintiff pay any fees, charges, costs, or accumulated arrearage that had resulted from Wells Fargo's errors.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

68.     It was unfair for Wells Fargo to repossess Plaintiffs car based on defaults that Wells Fargo had caused and in the absence of any default by Plaintiff.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

69.     It was unfair for Wells Fargo to repossess Plaintiff's car after he had complied with the terms set forth by Wells Fargo to cure the claimed defaults on the car loan.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

70.     It was unfair for Wells Fargo to incur a moving violation while in control of the car.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

71.     It was unfair for Wells Fargo to claim a deficiency of $10,933.39 after causing the defaults that Wells Fargo claimed allowed for the repossession and sale of the car and in the absence of any default by Plaintiff.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

72.     It was unfair for Wells Fargo to use repossession agents that were not in full compliance with the Illinois Collateral Recovery Act.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

73.     Wells Fargo is liable for the unlawful acts of its repossession agents as repossession is a nondelegable duty.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

74.     These practices offend public policy, have a direct consumer nexus, affect consumers as a whole, and violate the basic rights of consumers.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

75.     These practices directly implicate consumer protection concerns because the conduct impacts and threatens consumers' rights as borrowers of auto loans. Any consumer could be similarly harmed by Wells Fargo's unfair acts and practices described herein.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

76. Plaintiff suffered damages as a result of Wells Fargo's misconduct, including but not limited to:

    i.     the loss of the car;

    ii.     late charges, repossession fees, interest, sale expenses, and other charges and fees added to Plaintiff's car loan account;

    iii.     $116.02 for the first payment induced by Wells Fargo's false promises;

    iv.     $320.00 for the second payment induced by Wells Fargo's false promises;

    v.     $73.85 to pay Wells Fargo's moving violation;

    vi.     $10,922.39, the amount of the deficiency now claimed by Wells Fargo; and

    vii.     emotional distress resulting from the financial loss, from the sudden and unexpected loss of the car, and from dealing with Wells Fargo's unreasonable, deceptive, and vexatious conduct.

**ANSWER:**

Wells Fargo denies that Plaintiff is entitled to any of the relief requested in this count from Wells Fargo.

**C.     Unfair acts and practices of Location Services and John Doe**

77. It was unfair for Location Services and John Doe to repossess Plaintiff's car when Plaintiff was not in default.

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not direct these allegations toward Wells Fargo. Responding further, Wells Fargo

states that the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing.

78.     It was unfair for Location Services and John Doe to charge excessive repossession fees when there were no extenuating circumstances involved with this repossession.

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not direct these allegations toward Wells Fargo.  Responding further, Wells Fargo states that the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing.

79.     It was unfair for Location Services and John Doe to repossess Plaintiff's car after he had complied with the terms set forth by Wells Fargo to cure the claimed defaults on the car loan.

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not direct these allegations toward Wells Fargo.  Responding further, Wells Fargo states that the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing.

80.     Upon discovery of John Doe's identity, and the identity of the agency who physically conducted the repossession, Plaintiff reserves the right to amend this Count to add additional violations of the ICFA based on non-compliance with the Illinois Collateral Recovery Act, 225 ILCS 422/1 *et. al.*. For example, Plaintiff did not receive written notification of his inventoried personal property from inside the repossessed car, as required under 225 ILCS 422/110(d): "Within 5 working days following the date of repossession, the licensed repossession agency shall give written notification to the debtor of the whereabouts of personal effects or other property inventoried." And if Location Services effectuated the repossession using its own truck, it was not licensed to do so, as required under 225 ILLS 422/30:"(a) It shall be unlawful for any person or entity to repossess a vehicle or collateral in this State, attempt to repossess a vehicle or collateral in this State, or to hold himself, herself, or itself out to be a repossession agency unless licensed under this Act."

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not direct these allegations toward Wells Fargo.  Responding further, Wells Fargo states that the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing.

81.     These practices offend public policy, have a direct consumer nexus, affect consumers as a whole, and violate the basic rights of consumers.

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not direct these allegations toward Wells Fargo.  Responding further, Wells Fargo states that the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing.

82. These practices directly implicate consumer protection concerns because the conduct impacts and threatens consumers' rights as borrowers of auto loans. Any consumer could be similarly harmed by Location Services' and John Doe's unfair acts and practices described herein.

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not direct these allegations toward Wells Fargo. Responding further, Wells Fargo states that the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing.

83. Plaintiff suffered damages as a result of Location Services' and John Doe's misconduct, including but not limited to:

      i.     the loss of the car;

      ii.    repossession fees;

      iii.   the loss of his personal effects inside the car at the time of repossession; and

      iv.   emotional distress resulting from the financial loss and the sudden and unexpected loss of the car he had been making payments on.

**ANSWER:**

Wells Fargo states that no answer is required to the allegations in this Paragraph because Plaintiff does not direct these allegations toward Wells Fargo. Responding further, Wells Fargo states that the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph to the extent they are directed at Wells Fargo and specifically denies any allegations of wrongdoing.

WHEREFORE, Plaintiff requests that this Honorable Court:

  a.  grant judgment in Plaintiffs favor against all Defendants;

  b.  award Plaintiff actual damages in an amount to be determined at trial;

  c.  award Plaintiff reasonable attorneys' fees and costs pursuant to Section 10a(c) of ICFA; and

  d.  award any other relief this Honorable Court deems equitable and just.

**ANSWER:**

Wells Fargo denies that Plaintiff is entitled to any of the relief requested in this count from Wells Fargo.

### COUNT III — FRAUDULENT MISREPRESENTATION AGAINST WELLS FARGO

84.  Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

**ANSWER:**

Wells Fargo responds to the allegations in this Paragraph by stating that it incorporates by reference its answers to Paragraphs 1-83.

85.  In February 2018, Wells Fargo represented to Plaintiff that he could cure the defaults that Wells Fargo claimed on the car loan by paying $116 and making his regular monthly payment in March 2018.

**ANSWER:**

Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

86.  These statements were false statements of material fact.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

87.     Wells Fargo knew that the statements were false, as Wells Fargo had no intention of adjusting the car loan to cure the defaults after Plaintiff made the two payments.

**ANSWER:**

Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.


88.     Wells Fargo intended that Plaintiff rely on its false statements. Wells Fargo made these false statements to induce Plaintiff to make payments to Wells Fargo.

**ANSWER:**

Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.


89.     Plaintiff relied on these false statements and made the payments that Wells Fargo told him would cure the claimed defaults on the car loan.

**ANSWER:**

Wells Fargo denies that it made any false statements to Plaintiff.  Wells Fargo is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies the remainder of the allegations of this Paragraph.


90.     As a direct and proximate result of Plaintiff's reliance on Wells Fargo's false statements, Plaintiff suffered damages, including as set forth above.

WHEREFORE, Plaintiff requests that this Honorable Court:

      a.     grant judgment in Plaintiffs favor against Wells Fargo;

      b.     award Plaintiff actual and punitive damages in an amount to be determined at trial;

      c.     award Plaintiff reasonable attorneys' fees and costs; and

      d.     award any other relief this Honorable Court deems equitable and just.

**ANSWER:**

Wells Fargo denies that Plaintiff is entitled to any of the relief requested in this count from Wells Fargo.

### COUNT IV — NEGLIGENCE AGAINST WELLS FARGO

91.     Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

**ANSWER:**

Wells Fargo responds to the allegations in this Paragraph by stating that it incorporates by reference its answers to Paragraphs 1-90.

92.     Wells Fargo owed a duty to Plaintiff not to provide Plaintiff with false information regarding his car loan.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response.  To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

93.     Wells Fargo breached this duty to Plaintiff by giving him false information about the amounts owed and payments due on his car loan.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response.  To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

94.     Wells Fargo owed a duty to Plaintiff to promptly correct any servicing errors made on the car loan, and not to hold Plaintiff responsible for Wells Fargo's own errors.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

95. Wells Fargo breach [sic] this duty by failing to correct its servicing errors for over four months, and then holding Plaintiff financially responsible for the results of Wells Fargo's own errors.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

96. As a direct and proximate result of Wells Fargo's breach of duty to Plaintiff, Plaintiff suffered damages, including as set forth above.

**ANSWER:**

Wells Fargo states that the allegations in this Paragraph contain legal conclusions that do not require a response. To the extent that this Paragraph requires a response, Wells Fargo denies the allegations in this Paragraph and specifically denies any allegations of wrongdoing.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. grant judgment in Plaintiff's favor against Chase;

b. award Plaintiffs actual damages in an amount to be determined at trial; and

c. award any other relief this Honorable Court deems equitable and just.

**ANSWER:**

Wells Fargo denies that Plaintiff is entitled to any of the relief requested in this count from Wells Fargo.

**Plaintiff Demands Trial by Jury.**

**ANSWER:**

Wells Fargo further denies that Plaintiff is entitled to any relief whatsoever. Wells Fargo further prays that judgment be entered against Plaintiff and for Defendant Wells Fargo. Wells Fargo also respectfully requests a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Wells Fargo asserts as defenses to the claims asserted against Wells Fargo in the Complaint:

### <u>FIRST AFFIRMATIVE DEFENSE</u>

**(Failure to State a Claim)**

The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Wells Fargo.

### <u>SECOND AFFIRMATIVE DEFENSE</u>

**(Failure to Mitigate)**

Plaintiff's claims are barred in whole or in part as a result of his failure to mitigate alleged damages, if any. Further, to the extent Plaintiff seeks recovery for actual damages, such damages, if any, should be reduced in proportion to Plaintiff's failure to mitigate.

### THIRD AFFIRMATIVE DEFENSE

**(Contract)**

Plaintiff's claims are barred by the terms and conditions of the contract with Wells Fargo.

### FOURTH AFFIRMATIVE DEFENSE

**(Limitation of Liability)**

Wells Fargo's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between Wells Fargo and Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

Plaintiff is barred from obtaining any of the relief demanded in the Complaint because Plaintiff lacks authority or constitutional or prudential standing to bring some or all of the claims raised therein. Plaintiff has not suffered a legally cognizable injury that is fairly traceable to Wells Fargo's alleged conduct and that would be redressed by the relief sought herein.

### SIXTH AFFIRMATIVE DEFENSE

**(Damages Caused by Plaintiff)**

Plaintiff's Complaint alleges damage to Plaintiff that is the result of acts or omission by the Plaintiff, including defaulting on his auto loan.

### SEVENTH AFFIRMATIVE DEFENSE

**(Offset and Recoupment)**

Wells Fargo gives notice that it intends to rely on the doctrines of Offset and Recoupment with respect to unsatisfied indebtedness, if any, of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

**(Comparative Fault)**

Plaintiff's alleged damages and injuries, if any, were caused or contributed to by the acts and/or omissions of Plaintiff, and/or other persons whose conduct is not chargeable to Wells Fargo. Accordingly, Plaintiff is barred entirely from recovery against Wells Fargo, or, alternatively, his recovery, if any, should be proportionally reduced.

## RESERVATION OF DEFENSES

Wells Fargo reserves the right to amend and/or add additional Answers or Defenses at a later date.

WHEREFORE, Defendant Wells Fargo prays as follows:

1.    That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2.    For costs of suit and attorneys' fees herein incurred; and

3.    For such other and further relief as this Court may deem just and proper.

Date:   May 23, 2019                                    Respectfully submitted,

**Wells Fargo Bank, N.A.**
By its attorney,

/s/ Michael Bornhorst
Lucia Nale
Michael Bornhorst
Jerel Dawson
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, Illinois  60606
(312) 782-0600 (telephone)
(312) 701-7711 (fax)
lnale@mayerbrown.com
mbornhorst@mayerbrown.com
jdawson@mayerbrow.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 23rd day of May, 2019, a true and exact copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all attorneys of record in this matter registered with the Court's CM/ECF system.

/s/      Michael Bornhorst
Michael Bornhorst