IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| RODOLFO MENDEZ, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | Case No. 19-cv-207 |
| v. | ) | |
| | ) | Hon. Matthew F. Kennelly |
| WELLS FARGO BANK N.A., d/b/a | ) | |
| WELLS FARGO DEALER SERVICES, | ) | Magistrate Judge Mary M. Rowland |
| LOCATION SERVICES HOLDINGS, | ) | |
| LLC, and ILLINOIS REPOSSESSION | ) | JURY TRIAL DEMANDED |
| AGENCY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff RODOLFO MENDEZ ("Plaintiff"), through the undersigned counsel, brings this complaint against Defendants WELLS FARGO BANK, N.A., d/b/a Wells Fargo Dealer Services ("Wells Fargo"), LOCATION SERVICES HOLDINGS, LLC ("Location Services"), and Illinois Repossession Agency, Inc. ("Illinois Repossession Agency") and alleges as follows:

NATURE OF THE ACTION

1. Plaintiff seeks relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6) ("FDCPA"), for the unlawful repossession of his vehicle.

2. Plaintiff also brings this action for damages for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and for common law fraudulent misrepresentation and negligence.

1

**PARTIES**

3. Plaintiff is a natural person who resides at 4145 West Barry Avenue, Chicago, Illinois 60641, located within this district.

4. Plaintiff is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that he was allegedly obligated to pay a consumer debt on an automobile loan, incurred for personal, family or household purposes.

5. Plaintiff is a "person" as defined by Section 1(c) of ICFA.

6. Plaintiff is a "consumer" as defined by Section 1(e) of ICFA because he contracted with Defendant to purchase goods and services.

7. Wells Fargo is a national banking association that does business in Illinois, including within this district.

8. In 2011, Wells Fargo Dealer Services was merged with and into Wells Fargo Bank under the Wells Fargo Bank charter.

9. Wells Fargo is the holder of the auto loan (the "car loan") that was secured by Plaintiff's car, a 2012 Nissan Altima (the "car"). Wells Fargo also services the car loan.

10. Wells Fargo hired Location Services to effectuate the repossession of the Plaintiff's car.

11. Location Services is a Delaware corporation with a principal office listed at 900 North Michigan Avenue, Suite 1600, Chicago, Illinois 60611.

12. According to its website:

> Location Services is revolutionizing loss mitigation for the financial services industry. We are now the largest, national, direct provider of loss mitigation solutions — everything from loan refinancing to license plate recognition, recovery, skip location, transportation, remarketing and more. Our approach transforms loss mitigation, bringing together top names in the industry: American Recovery Specialists of Florida; CARS Recovery Inc.; MOXKOR; Repossessors, Inc.; Premier Adjusters, Inc.; and Auto Approve. Uniting as one company gives you a convenient, single, direct, end-to-end solution with immediate,

unrivaled access to best-in-class talent, coast-to-coast reach, cutting-edge digital technology and unparalleled compliance and accountability.

https://location-services.com/

13. Location Services handles loss mitigation services and collateral recovery – and specifically automobile repossessions – for entities like Wells Fargo on consumer accounts declared to be in default.

14. Location Services accepts repossession assignments within the State of Illinois for which the collateral is subject to a security agreement containing a repossession clause for the benefit of the legal owner, creditor or lien holder of the collateral.

15. As such, Location Services is a "repossession agency" as that term is defined in 225 ILCS 422/10.

16. Location Services hired or contracted with Illinois Repossession Agency to repossess the Plaintiff's car.

17. Illinois Repossession Agency is an Illinois corporation that is licensed as a repossession agency in the State of Illinois.

18. Illinois Repossession Agency is a "repossession agency" as that term is defined in 225 ILCS 422/10.

19. Illinois Repossession Agency does business in this district.

**JURISDICTION AND VENUE**

20. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FDCPA.

21. Supplemental jurisdiction over Plaintiff's state law claims exists under 28 U.S.C. § 1367(a).

22. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts that give rise to this action occurred, in substantial part, in this district.

23. Venue is also proper in this district since Defendants have agents and transact business in this district.

## FACTS SUPPORTING CAUSES OF ACTION

24. On or around April 9, 2016, Plaintiff took out the car loan to fund the purchase of the car.

25. Plaintiff purchased the car for personal, family, and household use.

26. Plaintiff made his monthly payments on the care loan thereafter without incident until November 2017.

27. On or around November 2, 2017, Wells Fargo made a servicing error on the car loan and credited two payments totaling $2,075.88 to the car loan account that Plaintiff never made.

28. Plaintiff does not know why or how Wells Fargo made this error.

29. On November 20, 2017, Plaintiff made his regular monthly payment of $320.00. He did not know that any amounts had been credited to his account.

30. In December 2017, Plaintiff called Wells Fargo to discuss options for refinancing the car loan to reduce the monthly payments. On that call, the Wells Fargo representative told Plaintiff that he did not need to make another payment on the car loan until March 2018.

31. Plaintiff, relying on Wells Fargo's representations, did not make a payment in December 2017.

32. On or about December 15, 2017, Wells Fargo made another servicing error on the car loan and credited one payment of $34.65 to the car loan account that Plaintiff never made.

33. Plaintiff does not know why or how Wells Fargo made this error.

4

34. On or about January 20, 2018, Wells Fargo sent Plaintiff a statement for the car loan. The statement indicated that the next payment due date was March 9, 2018.

35. On or about February 13, 2018, Wells Fargo sent Plaintiff two letters explaining that Wells Fargo had erroneously credited the payments of $2,075.88 and $34.65 to his car loan account, and that such credits would be removed from the account.

36. On or about February 17, 2018, Wells Fargo sent Plaintiff a statement for the car loan. The statement indicated that the car loan was $950.97 past due, that Plaintiff had missed payments on the car loan starting in December 2017, and that Plaintiff owed $12.79 in late charges.

37. After seeing the February 13 letters and the February 17 statement, Plaintiff called Wells Fargo to figure out what happened with the car loan and to try and resolve the claimed payment defaults.

38. On that call a Wells Fargo representative told Plaintiff that he could resolve the default by paying $116 on the phone immediately, and then making the regular monthly payment in March 2018.

39. Plaintiff agreed and paid $116.02 over the phone on that call.

40. On March 19, 2018, Plaintiff made his regular monthly payment of $320.00.

41. On or about April 17, 2018, Wells Fargo accelerated the car loan and repossessed the car through its agents, co-Defendants Location Services and Illinois Repossession Agency.

42. While the car was in Wells Fargo's possession, a moving violation was assessed against Plaintiff for a moving violation that happened with car. Plaintiff was forced to pay the resulting traffic fine of $73.85.

43. On June 7, 2018, Wells Fargo sold the car for $5,100.00.

44. On or about June 17, 2018, Wells Fargo sent Plaintiff a notice of the car sale, claiming that Plaintiff owed Wells Fargo $10,922.39 for the deficiency on the car loan.

45. The deficiency judgment claimed by Wells Fargo includes late charges, repossession costs, and other fees or charges that Wells Fargo added to Plaintiff's car loan account after Wells Fargo's servicing errors.

## COUNT I – VIOLATIONS OF THE FDCPA
### AGAINST LOCATION SERVICES AND ILLINOIS REPOSSESSION AGENCY

46. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

47. Plaintiff made his payments as directed by Wells Fargo.

48. Nonetheless, and based on multiple servicing errors, Plaintiff's car was repossessed by Location Services and Illinois Repossession Agency in the absence of any default.

49. Location Services and Illinois Repossession Agency were engaged in enforcement of Wells Fargo's security interest in the Plaintiff's car.

50. The FDCPA prohibits "debt collectors" from taking or threatening to take any non-judicial action to effectuate the repossession of a vehicle at a time when there is no right to repossess the vehicle. *See* 15 U.S.C. § 1692f(6).

51. For purposes of § 1692f(6), the FDCPA's definition of "debt collector" is expanded to also include any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

52. Specifically, § 1692f(6) prohibits:

> (6) Taking or threatening to take any nonjudicial action to effect dispossession of disablement of property if –
>
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

6

    (B)  there is no present intention to take possession of the property; or

    (C)  the property is exempt by law from such dispossession or disablement.

53. Defendants Location Services and Illinois Repossession Agency are subject to strict liability under § 1692f(6) of the FDCPA for their efforts to enforce Wells Fargo's security interest in Plaintiff's car through repossession because Wells Fargo had been accepting payments from Plaintiff and instructing him on what to pay, meaning there was no present right to possession in the absence of a default.

54. Illinois Repossession Agency also violated § 1692f(6) based on non-compliance with the Illinois Collateral Recovery Act, 225 ILCS 422/1 *et seq*.

55. Illinois Repossession Agency did not provide Plaintiff with written notification of his inventoried personal property from inside the repossessed car, as required under 225 ILCS 422/110(d): "Within 5 working days following the date of repossession, the licensed repossession agency shall give written notification to the debtor of the whereabouts of personal effects or other property inventoried."

56. Plaintiff suffered actual damage as a result of the conduct of Defendants Location Services and Illinois Repossession Agency in violation of the FDCPA. He was left without a car and was unable to come up with the money to redeem it post-repossession given, among other items, excessive repossession fees applied to his account by Location Services and/or Illinois Repossession Agency.

 WHEREFORE, Plaintiff requests that this Honorable Court:

   a. grant judgment in Plaintiff's favor against Location Services and Wells Fargo;

   b. award Plaintiff actual damages in an amount to be determined at trial;

      c.      award Plaintiff statutory damages pursuant to Section 1692k of the FDCPA;

      d.      award Plaintiff reasonable attorneys' fees and costs pursuant to Section 1692k of the FDCPA; and

      e.      award any other relief this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE ICFA
## AGAINST ALL DEFENDANTS

57. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

58. Section 2 of ICFA prohibits unfair or deceptive practices and states, in relevant part, as follows:

> **Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.**

59. Section 10a of ICFA establishes liability for "a violation of this Act committed by any . . . person . . . ." 815 ILCS 505/10a.

60. The term "person," in turn, includes "any agent" of a "company . . . business entity or association." 815 ILCS 505/1(c).

61. At all relevant times, Wells Fargo was engaged in trade or commerce of holding and servicing consumer auto loans.

62. At all relevant times, Location Services and Illinois Repossession Agency were engaged in trade or commerce through the repossession of collateral for secured lenders.

**A.**     **Deceptive acts and practices of Wells Fargo**

63. It was deceptive for Wells Fargo to tell Plaintiff in December 2017 that his next payment on the car loan was not due until March 2018.

64. It was deceptive for Wells Fargo to send a car loan statement to Plaintiff in January 2018 stating that his next payment on the car loan was not due until March 2018.

65. It was deceptive for Wells Fargo to tell Plaintiff in February 2018 that he could resolve the claimed defaults on the car loan by making an immediate phone payment of $116 and making his regular monthly payment in March 2018.

66. Wells Fargo intended that Plaintiff rely on Wells Fargo's deceptive statements.

**B.     Unfair acts and practices of Wells Fargo**

67. It was unfair for Wells Fargo to charge late fees to Plaintiff's account, when Wells Fargo's own false statements had led to any late payment on the car loan.

68. It was unfair for Wells Fargo to claim a default beginning in December 2017 when Wells Fargo had told Plaintiff in December 2017 and January 2018 that no payment was due until March 2018.

69. It was unfair for Wells Fargo to adjust the erroneous credits applied to Plaintiff's account without also adjusting the payment due dates that the erroneous credits had altered.

70. It was unfair for Wells Fargo to try and make Plaintiff pay any fees, charges, costs, or accumulated arrearage that had resulted from Wells Fargo's errors.

71. It was unfair for Wells Fargo to repossess Plaintiff's car based on defaults that Wells Fargo had caused and in the absence of any default by Plaintiff.

72. It was unfair for Wells Fargo to repossess Plaintiff's car after he had complied with the terms set forth by Wells Fargo to cure the claimed defaults on the car loan.

73. It was unfair for Wells Fargo to incur a moving violation while in control of the car.

74. It was unfair for Wells Fargo to claim a deficiency of $10,933.39 after causing the defaults that Wells Fargo claimed allowed for the repossession and sale of the car and in the absence of any default by Plaintiff.

75. It was unfair for Wells Fargo to use repossession agents that were not in full compliance with the Illinois Collateral Recovery Act.

76. Wells Fargo is liable for the unlawful acts of its repossession agents as repossession is a nondelegable duty.

77. These practices offend public policy, have a direct consumer nexus, affect consumers as a whole, and violate the basic rights of consumers.

78. These practices directly implicate consumer protection concerns because the conduct impacts and threatens consumers' rights as borrowers of auto loans. Any consumer could be similarly harmed by Wells Fargo's unfair acts and practices described herein.

79. Plaintiff suffered damages as a result of Wells Fargo's misconduct, including but not limited to:

   i. the loss of the car;
   ii. late charges, repossession fees, interest, sale expenses, and other charges and fees added to Plaintiff's car loan account;
   iii. $116.02 for the first payment induced by Wells Fargo's false promises;
   iv. $320.00 for the second payment induced by Wells Fargo's false promises;
   v. $73.85 to pay Wells Fargo's moving violation;
   vi. $10,922.39, the amount of the deficiency now claimed by Wells Fargo; and
   vii. emotional distress resulting from the financial loss, from the sudden and unexpected loss of the car, and from dealing with Wells Fargo's unreasonable, deceptive, and vexatious conduct.

**C.** **Unfair acts and practices of Location Services and Illinois Repossession Agency**

80. It was unfair for Location Services and Illinois Repossession Agency to repossess Plaintiff's car when Plaintiff was not in default.

81. It was unfair for Location Services and Illinois Repossession Agency to charge excessive repossession fees when there were no extenuating circumstances involved with this repossession.

82. It was unfair for Location Services and Illinois Repossession Agency to repossess Plaintiff's car after he had complied with the terms set forth by Wells Fargo to cure the claimed defaults on the car loan.

83. Illinois Repossession Agency also committed unfair acts by failing to comply with the Illinois Collateral Recovery Act, 225 ILCS 422/1 *et seq*.

84. Illinois Repossession Agency did not provide Plaintiff with written notification of his inventoried personal property from inside the repossessed car, as required under 225 ILCS 422/110(d): "Within 5 working days following the date of repossession, the licensed repossession agency shall give written notification to the debtor of the whereabouts of personal effects or other property inventoried."

85. These practices offend public policy, have a direct consumer nexus, affect consumers as a whole, and violate the basic rights of consumers.

86. These practices directly implicate consumer protection concerns because the conduct impacts and threatens consumers' rights as borrowers of auto loans. Any consumer could be similarly harmed by Location Services' and Illinois Repossession Agency's unfair acts and practices described herein.

87. Plaintiff suffered damages as a result of Location Services' and Illinois Repossession Agency's misconduct, including but not limited to:

11

      i.      the loss of the car;

      ii.     repossession fees;

      iii.    the loss of his personal effects inside the car at the time of repossession; and

      iv.    emotional distress resulting from the financial loss and the sudden and unexpected loss of the car he had been making payments on.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a.    grant judgment in Plaintiff's favor against all Defendants;

    b.    award Plaintiff actual damages in an amount to be determined at trial;

    c.    award Plaintiff reasonable attorneys' fees and costs pursuant to Section 10a(c) of ICFA; and

    d.    award any other relief this Honorable Court deems equitable and just.

### COUNT III – FRAUDULENT MISREPRESENTATION AGAINST WELLS FARGO

88.    Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

89.    In February 2018, Wells Fargo represented to Plaintiff that he could cure the defaults that Wells Fargo claimed on the car loan by paying $116 and making his regular monthly payment in March 2018.

90.    These statements were false statements of material fact.

91.    Wells Fargo knew that the statements were false, as Wells Fargo had no intention of adjusting the car loan to cure the defaults after Plaintiff made the two payments.

92.    Wells Fargo intended that Plaintiff rely on its false statements. Wells Fargo made these false statements to induce Plaintiff to make payments to Wells Fargo.

93.    Plaintiff relied on these false statements and made the payments that Wells Fargo told him would cure the claimed defaults on the car loan.

94. As a direct and proximate result of Plaintiff's reliance on Wells Fargo's false statements, Plaintiff suffered damages, including as set forth above.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a. grant judgment in Plaintiff's favor against Wells Fargo;

    b. award Plaintiff actual and punitive damages in an amount to be determined at trial;

    c. award Plaintiff reasonable attorneys' fees and costs; and

    d. award any other relief this Honorable Court deems equitable and just.

### COUNT IV – NEGLIGENCE AGAINST WELLS FARGO

95. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

96. Wells Fargo owed a duty to Plaintiff not to provide Plaintiff with false information regarding his car loan.

97. Wells Fargo breached this duty to Plaintiff by giving him false information about the amounts owed and payments due on his car loan.

98. Wells Fargo owed a duty to Plaintiff to promptly correct any servicing errors made on the car loan, and not to hold Plaintiff responsible for Wells Fargo's own errors.

99. Wells Fargo breach this duty by failing to correct its servicing errors for over four months, and then holding Plaintiff financially responsible for the results of Wells Fargo's own errors.

100. As a direct and proximate result of Wells Fargo's breach of duty to Plaintiff, Plaintiff suffered damages, including as set forth above.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a. grant judgment in Plaintiff's favor against Chase;

    b. award Plaintiffs actual damages in an amount to be determined at trial; and

      c.      award any other relief this Honorable Court deems equitable and just.

**Plaintiff Demands Trial by Jury.**

Respectfully Submitted,

/s/ *Daniel Brown*
Daniel Brown
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
(773) 453-7410
daniel@mainstreetattorney.com

Stacy M. Bardo
Bardo Law, P.C.
22 West Washington Street, Suite 1500
Chicago, IL 60602
(312) 219-6980
stacy@bardolawpc.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Daniel Brown, hereby certify that on July 16, 2019, I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.

/s/ *Daniel Brown*
Daniel Brown

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that all Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of Plaintiff's claims. If any Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that such Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of any Defendant.

By: _____
    Daniel Brown

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorneys' fees have been assigned to counsel.

By: _____
    Daniel Brown